MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage and Hour
SONYA SHAO (CSBN 300832)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Suite 720
Los Angeles, CA 90012-4701
Telephone:  213 330 0372
Shao.sonya.p@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE A. SU,<br>     Acting Secretary of Labor,<br>     United States Department of Labor,<br><br>                              Plaintiff,<br><br>          v.<br><br>EGREEN TRANSPORT CORPORATION;<br>HONG "CHARLES" CHEN; YU<br>"MONICA" WANG,<br><br>                              Defendants. | Case No. 5:25-cv-000092<br><br>**COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT** |

## INTRODUCTION

In early 2024, Defendant Egreen Transport Corporation ("Egreen") spoke with an individual named Xiaoqun Li regarding starting a company[1] in California to recruit and provide workers to Egreen warehouses in three states, including its new warehouse in Georgia. This recruiter found workers in California and other states, and he promised them transportation reimbursement and paying work with Egreen. However, after the workers worked for several weeks, they were not paid. The workers protested the lack of wages, but Egreen said it was not their problem. The recruiter said he could not pay the workers because Egreen was not paying his invoices. Desperate, in April 2024, the workers called the police. In response, Egreen banned them from the worksite. In mid-May 2024, Egreen met with one of recruiter's partners and finally paid the invoices for the workers' work – *after* he signed a contract back-dated to February.

Through actions like these, Egreen has harmed not only its own workers, but also law-abiding employers who face unfair competition in the marketplace. The Acting Secretary brings this case to recover the damages owed to Egreen's workers for retaliation and wage violations, to enjoin future violations, and to protect the significant public interest at stake.

## NATURE OF THE ACTION

1. Plaintiff Julie A. Su, Acting Secretary of Labor for the United States Department of Labor ("the Acting Secretary"), is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Acting

---

[1] This company, Bole Human Resources Co, Ltd ("Bole"), was formed by Xiaoqun Li on February 28, 2024, after Egreen supervisor Defendant Monica Wang told Li, an Egreen warehouse worker, that she needed workers. Its registered address of 701 E Garvey Ave #82 Monterey Park, CA 91770 consists of numerous mailboxes and no apparent business.

Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who fail to pay their employees and terminate them when they protest.

2.     In this case, the Acting Secretary seeks to enjoin Defendants from violating the requirements of the FLSA under §§ 16 and 17 of the FLSA, 29 U.S.C. §§ 216 – 17; and to recover wages and compensatory and punitive damages owed to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, and any other employees that the Acting Secretary later identifies, together with liquidated damages under § 16(c) of the FLSA, 29 U.S.C. § 216(c).

3.     The Court has jurisdiction over this action under §§ 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

4.     Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant Egreen's corporate headquarters are in or around San Bernardino County, California.

## DEFENDANTS ARE EMPLOYERS UNDER THE FLSA
### Defendant EGREEN TRANSPORT CORPORATION

5.     Defendant Egreen Transport Corporation ("Defendant Egreen") is a California corporation with a registered principal address at 2380 West Baseline Road, Rialto, CA 92376 and headquarters at 1383 S Cucamonga Ave, Ontario, CA 91761. At all relevant times, it also has operated at least the following warehouses in:

    a.  California at 11450 Philadelphia Ave, Jurupa Valley, CA 91752; 18550 Orange Street, Bloomington, CA 92316; 2380 W Baseline Rd, Fontana, CA 92336;

    b.  New Jersey at 1980 US-1 North Brunswick Township, NJ

08902;

   c.   Georgia at 102 Norwest Ct Suite 100, Savannah, GA 31407;

        455 Jimmy Deloach Pkwy, Savannah, GA 31407.

6.     At all relevant times, Defendant Egreen has been a business engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), because (i) Egreen had employees engaged in commerce or in the production of goods for commerce, or employees handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) Egreen had an annual gross volume sales made or business done of not less than $500,000.

7.     In order to conduct its warehousing logistics business, Defendant Egreen uses warehouse workers as an integral part of its business operations. Defendant Egreen generally uses staffing agencies to provide these warehouse workers. The warehouse workers include loaders and unloaders of shipping containers (also known as lumpers), and warehouse workers who label, organize, and perform other work on product from the shipping containers. Defendant Egreen controlled the material aspects of the employment relationship with these warehouse workers, including training them, setting work schedules, assigning work, supervising their performance throughout the day and giving guidance, negotiating pay rates, maintaining time records, and hiring and firing them.

8.     At all relevant times, Defendant Egreen is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

**Defendant HONG "CHARLES" CHEN**

9.     Defendant Hong "Charles" Chen ("Defendant Hong Chen"), an individual, has ownership interest in Egreen Transport Corporation and resides in Virginia. He is the owner and self-described "boss" of Egreen, and he spends at

least half of his time in California at Egreen's offices within the jurisdiction of this Court. At all relevant times, Defendant Hong Chen has been the owner of corporate Defendant Egreen, responsible for controlling, managing, and/or financing Egreen. Defendant Hong Chen and/or other supervisors direct, control, or coordinate all of Egreen's activities. Individually and/or jointly with Yu "Monica" Wang, Defendant Hong Chen has acted directly and/or indirectly in the interests of Egreen in relation to its employees, including those directly employed by staffing agencies.

10. Defendant Hong Chen is individually liable as an employer under Section 3(d), 29 USC § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

### Defendant YU "MONICA" WANG

11. Defendant Yu "Monica" Wang ("Defendant Monica Wang"), an individual, resides in San Dimas, California, within the jurisdiction of this Court. Defendant Monica Wang is the Vice President of Defendant Egreen. Since approximately December 2023, individually and/or jointly with Defendant Hong Chen, Defendant Monica Wang has acted directly and/or indirectly in the interests of Egreen in relation to its employees. Defendant Monica Wang is the Egreen official in charge of warehouse supervisors and staffing agencies.

12. On or around May 15, 2024, Defendant Monica Wang also met with and asked one of Bole's partners, Xianqing Meng, to sign a backdated contract on Bole's behalf in exchange for paying Bole's invoices.

13. Defendant Monica Wang is individually liable as an employer under Section 3(d), 29 USC § 203(d), for back wages and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this complaint, and all other employees not yet known to the Acting Secretary whom

she later identifies.

## FACTS COMMON TO ALL CLAIMS

### Defendants Failed to Pay Required Wages and Maintain Accurate Records of Hours Worked and Wages Paid

14.  Since at least January 1, 2024, several of Defendants' employees on Exhibit A worked and were not paid their wages for their work in Defendants' Georgia, New Jersey, and California warehouses.

15.  Since at least January 1, 2024, Defendants have failed to pay all of their employees the required federal minimum wage. Several employees have not been paid at all.

16.  Since at least January 1, 2024, several of Defendants' employees on Exhibit A have worked in excess of 40 hour a workweek in each biweekly pay period.

17.  Since at least January 1, 2024, Defendants have failed to pay all of their employees the required rate of time-and-a-half when they work in excess of 40 hours per workweek. This includes the loaders and unloaders of shipping containers, who are paid a flat rate based on the amount of containers they work on, regardless of the hours they work.

18.  Since at least October 12, 2020, Defendants have failed to make and maintain adequate and accurate records of all hours worked and wages paid. For example, Defendants produced screenshots of text messages as proof that some employees were paid unknown amounts.

### Defendants interfered with the Acting Secretary's investigation and retaliated against employees for asserting rights under the FLSA

19.  Defendants have interfered with the Acting Secretary's ability to investigate such facts, conditions, practices, or matters as she may deem necessary or appropriate to determine whether any person has violated any provision of the FLSA, or which may aid in the enforcement of the provisions of the FLSA. For

example, during Wage and Hour's investigation, Egreen produced to Wage and Hour the backdated contract with Bole Human Resources Co, Ltd. as if it were a real contract. Despite testifying about maintaining records of hours worked or how many people worked for the staffing agencies, with which Defendant Egreen disputes invoices from staffing agencies, Egreen did not produce such records.

20.     As a result of actions such as but not limited to these, Defendants have hindered WHD's investigation into FLSA compliance at Defendant Egreen.

## CLAIMS FOR RELIEF

### First Claim for Relief

#### Minimum Wage Violations

21.     The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as fully set forth herein.

22.     Defendants willfully violated and continue to violate the minimum wage provisions of FLSA §§ 6(a) and 15(a)(2), 29 U.S.C. §§ 206(a) and 215(a)(2), by failing to pay employees at least the federal minimum wage for all hours worked in workweeks when the employees were engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA. This includes by completely failing to pay some employees.

### Second Claim for Relief

#### Overtime Violations

23.     The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as fully set forth herein.

24.     Defendants willfully violated and continue to violate the provisions of Sections 7, and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by failing to pay employees who were employed by an enterprise engaged in commerce or in the production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment

in excess of forty (40) hours in a workweek that should have been compensated at time-and-a-half the regular rate. This includes the loader and unloader employees, also known as lumpers, who are only paid by the container even when they work over 40 hours a week, as well as the employees recruited by Bole who were unpaid. Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.

### Third Claim For Relief
### Recordkeeping Violations

25.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

26.    Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by providing falsified contracts, incomplete and inaccurate records to the Acting Secretary, and by failing to maintain, keep, make available (to the Acting Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found at 29 C.F.R. part 516.

27.    At all relevant times, Defendants have willfully violated and continue to violate Section 11(c) of the FLSA, 29 U.S.C. §§ 211(c). Defendants knew of should have known of the FLSA's recordkeeping requirements, and continued to create and maintain inaccurate, incomplete, and/or falsified contracts and records of employees' hours worked, and wages paid.

### Fourth Claim for Relief
### Retaliation

28.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

29.    Defendants have violated and continue to violate the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against workers who engaged in protected activity by reporting them for trespass, banning them from the worksite and/or terminating them, and by threatening them, directing employees not to speak to the Acting Secretary, and otherwise deterring them from cooperating in the Acting Secretary's investigation..

30.    At all relevant times, Defendants have willfully violated and continue to violate § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Defendants knew or should have known of the Act's anti-retaliation provisions, and they took action against their employees to deter them from exercising their rights, including by engaging in the conduct described above.

### Fifth Claim for Relief

### Hot Goods

31.    The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

32.    Defendants have violated Section 15(a)(1) of the FLSA which prohibits "any person" from introducing goods produced in violation of § 7 of the FLSA into interstate commerce, 29 U.S.C. 215(a)(1), by shipping transporting, selling, or intending to ship, transport or sell, goods in interstate commerce that were handled by workers who were not paid overtime in violation of § 7 of the FLSA.

### PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A.    enjoin and restrain Defendants, their officers, agents, servants, employees, successors, and persons acting in active concert or participation with them from violating the minimum wage, overtime, recordkeeping, and anti-retaliation provisions of FLSA §§ 6(a), 7(a),

11(c) and 15(a)(2), 15(a)(3), and 15(a)(5), 29 U.S.C. 206(a), 207(a), 211(c), and 215(a)(2), 215(a)(3), and 215(a)(5), under FLSA § 17, 29 U.S.C. § 217;

B.     issue an order under FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants jointly and severally liable for the unpaid minimum wage and overtime compensation due to Defendants' current and former employees, for the period beginning January 1, 2024, plus an additional equal amount as liquidated damages (additional back wages and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint);

C.     if liquidated damages are not awarded issue an order under FLSA § 17, 29 U.S.C. § 217, enjoining Defendants from withholding payment of unpaid minimum wage and overtime compensation found due to Defendants' current and former employees for the period beginning January 1, 2024, plus pre-judgment interest at an appropriate interest rate;

D.     issue an order under Sections 16(b)-(c) and 17 of the FLSA, 29 U.S.C. §§ 216(b)-(c) and 217, directing Defendants to pay appropriate compensatory and punitive damages found to be due to employees because of Defendants' violations of 29 U.S.C. § 215(a)(3),

E.     issue an order under Sections 16(b)-(c) and 17 of the FLSA, 29 U.S.C. §§ 216(b)-(c) and 217, directing Defendants to pay punitive damages as appropriate for their malicious and/or reckless conduct in an amount to be determined at trial;

F.     grant any further equitable relief as is necessary or appropriate, and

G.     award Plaintiff the costs of this action.

Dated: January 15, 2025          Respectfully submitted,

                                 SEEMA NANDA
                                 Solicitor of Labor

                                 MARC A. PILOTIN
                                 Regional Solicitor

                                 BORIS ORLOV
                                 Counsel for Wage and Hour

                                 /s/ Sonya Shao
                                 SONYA SHAO
                                 Senior Trial Attorney

# Exhibit A

| First Name | Last Name |
| --- | --- |
| Xishun | Chen |
| Jinsheng | Deng |
| Xiangzhu | Deng |
| Peng | Deng |
| Tian | Jin |
| Leilei | Li |
| Huiqing | Li |
| Lei | Li |
| Ufn | Li |
| Shuiqi | Liu |
| Wenfeng | Shi |
| Yang | Song |
| Lixin | Wang |
| Xiaomeng | Wang |
| Tianjian | Wu |
| Dongxu | Yao |
| Yahui | Yu |
| Qingtao | Zhang |
| Lipeng | Zhang |
| Song | Zhang |
| Geremy | Asuaje |
| Samir | Benitez |
| Elmer Rene | Calel |
| Miguel | Carballo |
| Gilberto | Castillo |
| Henry | Dubernet |

| | |
|---|---|
| Rafael | Fernandez |
| Mateo | Franco |
| Julian | Gonzalez |
| Rosalino | Guevara |
| Jose | Hernandez |
| Joel | Lozano |
| Sandro | Maldonado |
| Jose | Mariano |
| Wilson | Medina |
| Tulio | Murillo |
| Jairo | Ortega |
| Manuel | Pena |
| Cesar | Peralta |
| Jose Manuel | Ramos |
| Fernando | Serrano |
| Edwin | Valladares |
| Javier | Velez |
| Javier | Zunun |
| Marvin | Ocon Silva |
| Elvin Omar | Velasquez Velasquez |
| Roberto | Cabaniel |
| Eduar Alexander | Beltran |
| Maria De Los Angeles | Perez Hernandez |
| Jiwen | Li |
| Haizhou | Lin |
| Zhiqiang | Liu |
| Sikai | Wang |

| Lihua | Zhang |
| Menghua | Zhao |
| Yanyang | Gu |
| Zhi | Chen |
| Yinghui | Liu |
| Hee J. | Lee |