JS-6

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JULIE A. SU,
Acting Secretary of Labor, United States Department of Labor

Plaintiff,

v.

EGREEN TRANSPORT CORPORATION; HONG "CHARLES" CHEN; YU "MONICA" WANG,

Defendants.

Case No. 5:25−cv−00092-WLH (SPx)

**JUDGMENT AND PERMANENT INJUNCTION AGAINST ALL DEFENDANTS [19]**

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor, Corporate Defendant EGREEN TRANSPORT CORPORATION ("Corporate Defendant"), and Individual Defendants HONG "CHARLES" CHEN, YU "MONICA" WANG("Defendants") (collectively the "Parties") have agreed to resolve the matters in controversy in this civil action and agree to the entry of this Consent Judgment and Permanent Injunction ("Consent Judgment") as provided below.

**STATEMENTS BY AND AGREEMENTS BETWEEN THE PARTIES**

A. On January 15, 2025, the Acting Secretary filed her Complaint in the above-captioned proceeding, naming Defendants EGREEN TRANSPORT CORPORATION, HONG "CHARLES" CHEN, YU "MONICA" WANG alleging violations of Sections 6, 7, 11(a), 11(c), and 15(a)(1)-(3) of the FLSA, 29 U.S.C. §§ 206, 207, 211(a), 211(c), 215(a)(1)-(3). Defendants waive issuance and service of the Summons and Complaint and waive their response to the Acting Secretary's Complaint.

B. Defendants admit that the Court has jurisdiction over the Parties and the subject matter of this this civil action, and that venue lies in the Central District of California.

C. The Parties agree to waive findings of fact and conclusions of law and agree to the entry of this Consent Judgment without further contest.

D. Defendants deny that they violated the law in any way, but they agree herein to resolve all allegations of the Acting Secretary's Complaint.

E. Individual Defendants Hong "Charles" Chen and Yu "Monica" Wang admit that for purposes of the FLSA they are employers or joint employers of all warehousing logistics workers working at the Egreen Transport Corporation warehouses at 11450 Philadelphia Ave, Jurupa Valley, CA 91752; 18550 Orange Street, Bloomington, CA 92316; 2380 W Baseline Rd, Fontana, CA 92336; 1980 US-1 North Brunswick Township, NJ 08902; 102 Norwest Ct Suite 100, Savannah, GA 31407; 455 Jimmy Deloach Pkwy, Savannah, GA 31407, including those employed directly by staffing companies rather than by Defendants.

F. Defendants represent that they and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

G. Entry of this Consent Judgment marks the resolution of all claims by Defendants and/or the Acting Secretary relating to the Acting Secretary's

inspection into Defendants' Compliance with the FLSA for the time periods listed herein in the Exhibit 1.

**PERMANENT INJUNCTION**

Pursuant to the statements and agreements above, upon joint motion of the attorneys for the Parties, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants and the persons and entities identified in the previous paragraph are permanently enjoined and restrained from violating the FLSA, including through any of the following manners:

1. Contrary to Sections 6 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, wages at a rate less than the federal minimum wage, which cannot be less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Contrary to Sections 7 and 15(a)(2) of the FLSA, paying any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce within the meaning of the FLSA, less than one and half times the particular employee's regular hourly rate for hours worked in excess of 40 hours in a workweek; the regular hourly rate shall include all sums paid in a workweek, including any production bonuses, as required under Section 7(e) of the FLSA. 29 U.S.C. § 207(e) and 29 CFR Part 778.

3. Contrary to Sections 11(c) and 15(a)(5) of the FLSA, failing to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the

regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each employee, the hours worked each day and each workweek, the employee's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the employee's earnings along with a description of the basis/reason and method of calculation of the deduction.

4. Contrary to Section 11(a) of the FLSA, interfering or obstructing any investigation of the Acting Secretary, including by directing employees not to speak to the Acting Secretary or her representatives and/or otherwise deterring them from cooperating in any investigation of the Acting Secretary through threats or intimidation.

5. Contrary to Section 15(a)(3) of the FLSA, engaging in any retaliatory actions because such employee has filed any complaint or instituted or caused to be instituted any proceeding under the FLSA, has testified or is about to testify in any such proceeding, or has otherwise exercised their rights under the FLSA. Prohibited discriminatory and retaliatory actions include adversely changing the terms and conditions, discharging, replacing, name-calling and threatening, reporting them to the police for protected activity, or telling workers that communicating with the Acting Secretary will result in immigration, legal, criminal or other action against them and/or otherwise deterring employees from cooperating with or speaking to the Acting Secretary's representatives.

6. Contrary to Section 15(a)(1) of the FLSA, transporting, offering for transportation, shipping, delivering, or selling in commerce, and/or shipping, delivering, or selling with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods that have been processed and/or produced by any employee whom Defendants failed to pay the overtime premium rate for hours worked over forty in the workweek.

7. Requesting, soliciting, suggesting, or coercing, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future, or other forms of monetary damages or relief, to said employee under the provisions of this Consent Judgment, or the FLSA; or accepting or receiving from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages or monetary damages heretofore or hereafter paid to the employee under the provisions of this Consent Judgment or the FLSA.

8. Withholding payment of $112,994.00, which constitutes the back wages found to be due by the Defendants under the FLSA to the employees, who are identified by name in **Exhibit 1**, which is incorporated in and made part of this Consent Judgment.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their agents, servants, employees, companies, and all persons and entities acting at their direction or in concert or participation with their direction, shall take the following affirmative actions:

9. Within ten (10) days of the date of entry of this Consent Judgment, and within fourteen (14) days of any subsequent change to the information below for a period of two (2) years, Defendants shall:

a. notify the Acting Secretary of any third-party entities, including contractors, that are providing staffing services to Defendants, with an explanation of the services being provided, and to provide the Acting Secretary with a copy of any contract(s) entered into with such entities; and

b. provide the Acting Secretary with Defendants' address, telephone number, and email address, where they agree to be contacted for purposes of communicating about and carrying out the provisions of this Consent

Judgment.

10. For a period of two (2) years beginning on the date of this Consent Judgment, Defendants must immediately notify and inform the Acting Secretary of any change to any of the information it previously provided in Paragraph 9 above. Defendants shall also inform the Acting Secretary of any changes to their contact information. These notifications shall take place within three (3) business days.

11. Within thirty (30) days of the date of this Consent Judgment, Defendants shall contract with a trainer to provide FLSA training to all managers and supervisors working at its warehousing logistics facilities addressing, at a minimum, the FLSA provisions governing minimum wage, overtime, recordkeeping, anti-retaliation, and interference. The training shall be for one session of that least one hour with an opportunity for questions and answers in languages with which the employees are comfortable. If needed, the trainer will hire interpreter(s). Defendants shall provide the Acting Secretary seven days' prior notice and permit the Acting Secretary's representative to attend the training. Defendants shall provide proof that this training has occurred within seven (7) days of each training. Defendants shall provide this training on an annual basis for a period of at least two (2) years.

12. For a period of two (2) years beginning on the date of this Consent Judgment, Defendants shall allow the Acting Secretary, her representatives, or agents to enter any location where any Defendant provides warehousing logistics to provide a one-hour FLSA Notice of Rights training to all nonmanagerial employees of Defendants and/or to freely speak to employees about Defendants' compliance with this Consent Judgment and the FLSA. Defendants will tell employees that they can stop working during this training and Defendants will compensate employees for their time attending this training. The Acting Secretary or her representatives shall be authorized to enter these locations two times per year to provide the training and speak with employees. The Acting Secretary

agrees to provide reasonable and sufficient notice of up to two weeks for these trainings to Defendants to allow for the scheduling of mutually agreeable dates and times.

13. If any Defendant hires, rents to, retains or utilizes a third-party service provider to provide labor within a warehousing logistics establishment owned, operated or controlled by such Defendant, either directly or through a corporation owned by a Defendant,[1] ("Defendant's facility"), and/or otherwise to provide timekeeping or payroll services with respect to the workers in Defendants' facilities, then:

a. Defendant shall enter into a written contract with such third-party requiring that the third-party affirmatively:

i. acknowledge receipt and review of WHD Fact Sheets 10, 14, 21, 22, 23, and 77A;

ii. agree to comply with the federal minimum wage, overtime, recordkeeping, and anti-retaliation provisions of the FLSA as well as all state law wage requirements;

iii. agree to implement and maintain a timekeeping system that accurately records the hours worked by employees consisting of the minimum requirements: employees must clock-in their start time and end time each day; employees must record their own hours and neither the third-party service provider nor Defendant shall clock-in for employees except to correct any timekeeping errors, such as when an employee fails to appropriately clock-in or out;

iv. agree to allow Defendant access to all payroll and timekeeping records it creates for employees working within Defendant's facility;

v. agree to comply with any investigation conducted by the

---

[1] Defendants' warehousing logistics facilities include but are not limited to: 11450 Philadelphia Ave, Jurupa Valley, CA 91752; 18550 Orange Street, Bloomington, CA 92316; 2380 W Baseline Rd, Fontana, CA 92336; 1980 US-1 North Brunswick Township, NJ 08902; 102 Norwest Ct Suite 100, Savannah, GA 31407; 455 Jimmy Deloach Pkwy, Savannah, GA 31407.

Acting Secretary pursuant to Section 11 of the FLSA, including freely interviewing any employees or workers performing work within Defendants' facility; and

14. Defendants are permanently enjoined from communicating, directly or indirectly, in any manner to any third party, regarding whether any employee may have or may be perceived to have engaged in protected activity under the FLSA, including but not limited to any connection any employee may have with a Department of Labor, and are specifically enjoined from taking any other action to restrict such employee from seeking or obtaining any other work. Defendants have an ongoing duty to provide the Acting Secretary with access to all records required to be made, kept, or preserved under Section 11 of the FLSA, including all other time, piece rate, employee, and payroll records, upon request and no later than three (3) business days after such request is made.

15. Should Defendants maintain a video monitoring system of employees and/or workers, Defendants shall immediately provide the Acting Secretary with access to review this footage upon request. The requirements of this Paragraph shall remain in effect for a period of two (2) years beginning on the of this Consent Judgment.

16. Defendants have an ongoing duty to provide an earnings statement to each of their employees, and ensure that any employee, beginning with the first paycheck issued following entry of this Consent Judgment, receives the following information: (1) gross wages paid to the employee each workweek; (2) total hours worked each workweek; (3) a list of itemized deductions from employees' pay; (4) net wages earned; (5) the inclusive start and end dates of the pay period; (6) the employee's name and employee identification number; (7) the applicable hourly rates (including straight time and overtime rates) and corresponding number of hours worked at each hourly rate, or, as applicable, the applicable piece rates (including the precise formula used to calculate the piece rate and overtime rates) and corresponding number of pieces worked at each piece rate; (8) total straight-

time wages paid; (9) the calculation of any bonuses, and (10) total overtime wages paid. Defendants shall produce these earnings statements to the Acting Secretary upon request within (3) days.

17. All documents produced by Defendants as required under this Consent Judgment must be produced in an electronic, searchable format to the extent Defendants' documents are maintained or may be generated in such a format. If a document is neither maintained nor may be generated in an electronic, searchable format, then Defendants shall produce the document in an electronic format with all metadata intact to the extent such metadata exists. If a subject document is produced in a comma-separated-values ("CSV") file, such as an Excel spreadsheet, then the documents must be produced in such format and not converted to a PDF. Documents must be organized in a manner that clearly identifies the nature of the documents.

18. Defendants, their agents, servants, and employees, and any person in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages, monetary damages, or liquidated damages from the individuals listed on the operative Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds to be paid under this Consent Judgment. Violation of this Paragraph may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

19. Defendants have an ongoing duty to maintain payroll practices at any business they own, operate, or control, currently and in the future, as follows:

a. Defendants shall accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including, for each employee (1) all hours worked by each workday and workweek, including all pre- and post-shift work; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the number of pieces completed by each workday and workweek, if employee is paid per

piece; (4) the calculation of any non-discretionary bonuses (i.e., production or incentive bonus); (5) the total weekly straight-time earnings due for the hours worked during the workweek; (6) the total premium pay for overtime hours; and (7) the dollar value of all equipment, tools, clothing, and supplies paid for and used in or specifically required for the employee's work;

b. Defendants shall record all wages paid to employees, regardless of the manner of payment, on payroll records;

c. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee, and Defendants shall not encourage workers to under-report their hours worked; and

d. Defendants shall not direct supervisors, employees, or payroll preparers to falsify time or payroll records in any manner including reducing the number of hours worked by employees, and Defendants shall direct supervisors and payroll providers to encourage workers to report all hours worked.

20. Defendants shall provide the notice in Exhibit 2 to all workers in all of their warehousing logistics facilities immediately upon hire (or rehire), and in a language understandable to them, and shall place the notice prominently around the workplace.

21. For purposes of contacting the Acting Secretary under the terms of this Consent Judgment, Defendants shall notify:

Wage Hour Division, West Covina District Office
Attention: District Director Daniel Pasquil
100 Barranca St, Suite 850,
West Covina, CA 91791

**JUDGMENT**

22. **JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) and (e) of the FLSA, in favor of the Acting Secretary as a judgment owed to the United States of America and against Defendants in the total amount of

$580,000.00 plus interest. This total amount comprises $112,994.00 in unpaid minimum wage and overtime payments; and $134,271.96 in liquidated damages (including for wages paid late), pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216. This amount also comprises of $173,768.04 in compensatory damages for emotional distress, $13,966.00 in compensatory damages for pecuniary damages, and $145,000.00 in punitive damages for retaliation.

23. Within one (1) year of entry of this Consent Judgment, the Acting Secretary shall file a supplemental Exhibit 1 listing the amount of back wages, liquidated damages, and other damages paid or to be paid to employees subject to this Consent Judgment.

Pursuant to this Judgment, **IT IS HEREBY ORDERED THAT:**

24. Defendants shall pay the monies owed above as follows: Defendants' have already paid $170,246.83 which shall go to towards the liquidated damages and compensatory damages in this judgment. Defendants shall pay the remaining balance of $ 409,753.17 plus interest at a rate of 5%, consisting of compensatory damages, punitive damages, and backwages, per the following schedule:

| | PAYMENT DATE | BEGINNING BALANCE | PAYMENT | PRINCIPAL | INTEREST | TYPE OF PAYMENT |
|---|---|---|---|---|---|---|
| 1 | 2/15/2025 | $429,754.00 | $ 62,420.91 | $ 60,630.27 | $1,790.64 | Compensatory |
| 2 | 3/15/2025 | $369,123.73 | $ 62,420.91 | $ 60,882.89 | $1,538.02 | Compensatory |
| 3 | 4/15/2025 | $308,240.84 | $ 62,420.91 | $ 61,136.57 | $1,284.34 | Comp/punitive |
| 4 | 5/15/2025 | $247,104.27 | $ 62,420.91 | $ 61,391.31 | $1,029.60 | Punitive |
| 5 | 6/15/2025 | $185,712.97 | $ 62,420.91 | $ 61,647.10 | $ 773.80 | Punitive |
| 6 | 7/15/2025 | $124,065.86 | $ 62,420.91 | $ 61,903.97 | $ 516.94 | Punitive/BW |
| 7 | 8/15/2025 | $ 62,161.90 | $ 62,420.91 | $ 62,161.90 | $ 259.01 | Backwages |
| TOTAL: | | | **$436,946.35** | $ 429,754.00 | $7,192.35 | |

25. Defendants shall make the back wage and damages payments required by this Consent Judgment (plus interest as applicable) online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Back Wage Payment - WE Region". Payments shall reference

BW Case Number #1992599. Separately, Defendants shall make the civil money penalty payments required by this Consent Judgment online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/77761888, or by going to www.pay.gov and searching "WHD Civil Money Penalty - **WE** Region."

26. In the event of any default in the timely making of any payment due hereunder, the full judgment amount, which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of Defendants' default until paid in full, shall become due and payable upon the Acting Secretary's sending by ordinary mail a written demand to the last available addresses of Defendants then known to the Acting Secretary with electronic copies also concurrently e-served on Defendants or, if applicable, their counsel. Upon the Acting Secretary's request, the Court will issue an amended judgment reflecting the amounts due based on Defendant's default.

27. The Acting Secretary shall distribute the proceeds from the settlement payments described in Paragraph 24 in the amounts set forth in Exhibit l, less deductions for employees' share of payroll taxes and income tax withholding on the back wage amounts, to the employees identified therein, or if necessary, to the employees' estates. Any monies not distributed to employees because of an inability to locate the proper persons or because of their refusal to accept it, the Acting Secretary shall deposit the payment into the Treasury of the United States as miscellaneous receipts under 29 U.S.C. § 216(c). Defendants shall deposit the employer's portion of payroll taxes with the relevant taxing authorities.

**FURTHER, IT IS HEREBY ORDERED THAT**

28. The filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1, nor as to any employee named on the attached Exhibit 1 for any period

not specified therein, nor as to any employer other than Defendant.

29. Defendants hereby waive any and all claims and defenses against the Acting Secretary and her representatives that they could have brought as of the date of the entry of the Consent Judgment.

30. Each Party shall bear its own fees and other expenses incurred by such Party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

31. The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

IT IS SO ORDERED

DATED: 1/24/2025

HON. WESLEY L. HSU

UNITED STATES DISTRICT JUDGE

*Consented to by:*

Date: 2025-1-14

Paul DeCamp, Esq.
Attorney for Defendants

Date: 01/15/2025

Paul Cheng, Esq.
Attorney for Defendants

Date: 2025-1-14

Hong "Charles" Chen
Defendant

Date: 2025-1-14

Yu "Monica" Wang
Defendant

Date: 2025-1-14

EGREEN TRANSPORT CORPORATION
Defendant

For Plaintiff Acting Secretary of Labor,
United States Department of Labor

SEEMA NANDA
Solicitor of Labor
MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsels for Wage and Hour

/s/ [signature] 1/15/2025
SONYA SHAO
Senior Trial Attorney

*Attorneys for Plaintiff Julie A. Su,*
*United States Acting Secretary of Labor*

**EXHIBIT 1**

**Georgia**

| First Name | Last Name | Period Covered | Back Wages | Liquidated Damages |
|---|---|---|---|---|
| Xishun | Chen | 04/05/2024 - 04/05/2024 | $803.85 | $2,660.85 |
| Jinsheng | Deng | 04/05/2024 - 04/05/2024 | $5,447.83 | $5,990.85 |
| Xiangzhu | Deng | 04/05/2024 - 04/05/2024 | $5,447.00 | $5,447.00 |
| Peng | Deng | 04/05/2024 - 04/05/2024 | $2,660.85 | $2,660.85 |
| Tian | Jin | 04/05/2024 - 04/05/2024 | $6,583.18 | $7,126.20 |
| Leilei | Li | 04/05/2024 - 04/05/2024 | $5,355.70 | $7,355.70 |
| Huiqing | Li | 04/05/2024 - 04/05/2024 | $6,290.10 | $6,290.10 |
| Lei | Li | 04/05/2024 - 04/05/2024 | $5,690.83 | $6,233.85 |
| Ufn | Li | 04/05/2024 - 04/05/2024 | $5,447.83 | $5,990.85 |
| Shuiqi | Liu | 04/05/2024 - 04/05/2024 | $0.00 | $936.94 |
| Wenfeng | Shi | 04/05/2024 - 04/05/2024 | $936.94 | $936.94 |
| Yang | Song | 04/05/2024 - 04/05/2024 | $7,355.70 | $7,355.70 |
| Lixin | Wang | 04/05/2024 - 04/05/2024 | $565.85 | $5,990.85 |
| Tianjian | Wu | 04/05/2024 - 04/05/2024 | $936.94 | $936.94 |
| Dongxu | Yao | 04/05/2024 - 04/05/2024 | $5,990.85 | $5,990.85 |
| Yahui | Yu | 04/05/2024 - 04/05/2024 | $0.00 | $936.94 |
| Qingtao | Zhang | 04/05/2024 - 04/05/2024 | $2,490.85 | $5,990.85 |
| Lipeng | Zhang | 04/05/2024 - 04/05/2024 | $210.85 | $2,660.85 |
| Song | Zhang | 04/05/2024 - 04/05/2024 | $2,660.85 | $2,660.85 |
| Geremy | Asuaje | 05/03/2024 - 06/21/2024 | $568.75 | $568.75 |
| Samir | Benitez | 05/03/2024 - 06/21/2024 | $1,357.00 | $1,357.00 |
| Elmer Rene | Calel | 05/03/2024 - 06/21/2024 | $348.75 | $348.75 |
| Miguel | Carballo | 05/03/2024 - 06/21/2024 | $350.00 | $350.00 |
| Gilberto | Castillo | 05/03/2024 - 06/21/2024 | $790.00 | $790.00 |
| Henry | Dubernet | 05/03/2024 - 06/21/2024 | $328.75 | $328.75 |
| Rafael | Fernandez | 05/03/2024 - 06/21/2024 | $1,357.00 | $1,357.00 |
| Mateo | Franco | 05/03/2024 - 06/21/2024 | $394.00 | $394.00 |
| Julian | Gonzalez | 05/03/2024 - 06/21/2024 | $348.75 | $348.75 |
| Rosalino | Guevara | 05/03/2024 - 06/21/2024 | $488.75 | $488.75 |
| Jose | Hernandez | 05/03/2024 - 06/21/2024 | $843.50 | $843.50 |
| Joel | Lozano | 05/03/2024 - 06/21/2024 | $488.75 | $488.75 |
| Sandro | Maldonad o | 05/03/2024 - 06/21/2024 | $334.00 | $334.00 |
| Jose | Mariano | 05/03/2024 - 06/21/2024 | $658.00 | $658.00 |

| | | | | |
|---|---|---|---|---|
| Wilson | Medina | 05/03/2024 - 06/21/2024 | $488.75 | $488.75 |
| Tulio | Murillo | 05/03/2024 - 06/21/2024 | $454.75 | $454.75 |
| Jairo | Ortega | 05/03/2024 - 06/21/2024 | $586.00 | $586.00 |
| Manuel | Pena | 05/03/2024 - 06/21/2024 | $348.75 | $348.75 |
| Cesar | Peralta | 05/03/2024 - 06/21/2024 | $579.50 | $579.50 |
| Jose Manuel | Ramos | 05/03/2024 - 06/21/2024 | $454.75 | $454.75 |
| Fernando | Serrano | 05/03/2024 - 06/21/2024 | $531.75 | $531.75 |
| Edwin | Valladares | 05/03/2024 - 06/21/2024 | $638.75 | $638.75 |
| Javier | Velez | 05/03/2024 - 06/21/2024 | $614.00 | $614.00 |
| Javier | Zunun | 05/03/2024 - 06/21/2024 | $574.00 | $574.00 |
| Marvin | Ocon Silva | 04/12/2024 - 04/26/2024 | $2,520.00 | $2,520.00 |
| Elvin Omar | Velasquez Velasquez | 04/19/2024 - 04/26/2024 | $420.00 | $420.00 |
| Roberto | Cabaniel | 04/19/2024 - 04/26/2024 | $2,545.00 | $2,545.00 |
| Eduar Alexander | Beltran | 04/19/2024 - 04/26/2024 | $1,972.00 | $1,972.00 |
| Maria De Los Angeles | Perez Hernandez | 04/19/2024 - 04/26/2024 | | $2,000.00 |

| **First Name** | **Last Name** | **Compensatory Damages - Emotional Distress** | **Pecuniary Damages** | **Punitive Damages** |
|---|---|---|---|---|
| Xishun | Chen | $10,753.61 | $700.00 | $10,000.00 |
| Jinsheng | Deng | | $550.00 | $10,000.00 |
| Xiangzhu | Deng | $15,000.00 | $1,080.00 | $10,000.00 |
| Peng | Deng | $10,753.61 | $700.00 | $10,000.00 |
| Tian | Jin | $15,000.00 | $850.00 | $10,000.00 |
| Leilei | Li | | $700.00 | |
| Huiqing | Li | $30,000.00 | $1,036.00 | $20,000.00 |
| Lei | Li | | $880.00 | |
| Ufn | Li | | $0.00 | |
| Shuiqi | Liu | $10,753.61 | $850.00 | $10,000.00 |
| Wenfeng | Shi | | $600.00 | |
| Yang | Song | | $550.00 | |
| Lixin | Wang | | $1,000.00 | $10,000.00 |
| Xiaomeng | Wang | | | $5,000.00 |
| Tianjian | Wu | $10,753.61 | $750.00 | $10,000.00 |
| Dongxu | Yao | | $480.00 | |
| Yahui | Yu | | $800.00 | $10,000.00 |

| | | | | |
|---|---|---|---|---|
| Qingtao | Zhang | $30,000.00 | $640.00 | $10,000.00 |
| Lipeng | Zhang | $15,000.00 | $1,000.00 | $10,000.00 |
| Song | Zhang | $15,000.00 | $800.00 | $10,000.00 |
| Roberto | Cabaniel | $10,753.61 | | |

**New Jersey**

| First Name | Last Name | Period Covered | Back Wages | Liquidated Damages |
|---|---|---|---|---|
| Jiwen | Li | 03/08/2024 - 04/05/2024 | $3,339.00 | $3,339.00 |
| Haizhou | Lin | 03/08/2024 - 04/05/2024 | $3,339.00 | $3,339.00 |
| Zhiqiang | Liu | 03/08/2024 - 04/05/2024 | $3,339.00 | $3,339.00 |
| Sikai | Wang | 03/08/2024 - 04/05/2024 | $3,339.00 | $3,339.00 |
| Lihua | Zhang | 03/08/2024 - 04/05/2024 | $3,339.00 | $3,339.00 |
| Menghua | Zhao | 03/08/2024 - 04/05/2024 | $3,339.00 | $3,339.00 |

**California**

| First Name | Last Name | Period Covered | Back Wages | Liquidated Damages |
|---|---|---|---|---|
| Yanyang | Gu | 3/10/2024 - 3/17/2024 | $1,400.00 | $1,400.00 |
| Zhi | Chen | 3/10/2024 - 3/17/2024 | $1,500.00 | $1,500.00 |
| Yinghui | Liu | 3/10/2024 - 3/17/2024 | $2,000.00 | $2,000.00 |
| Hee J. | Lee | 3/10/2024 - 3/17/2024 | $1,800.00 | $1,800.00 |

EXHIBIT 2

**AVISO A EMPLEADOS**

Egreen desea garantizarle el cumplimiento de la Ley de Normas Laborales Justas ("FLSA") y notificarle:

- La FLSA fue diseñada para cerciorarse que los empleados tienen derechos *independientemente de su estatus migratorio*,
- Usted tiene numerosos derechos bajo la ley federal, adjunto con la ley del estado. Sus derechos federales incluyen:
  - Se le debe pagar por todo el trabajo que haga para su empleador.
  - Usted tiene derecho a una prima por horas extras, a tiempo y medio de su sueldo regular por hora, por todas las horas trabajadas de mas de 40 horas por semana; este incluye los empleados pago por pieza;
  - Si su sueldo se le paga tarde, usted tiene derecho a una indemnización por daños y perjuicios;
- Es ilegal que su empleador lo trata de manera diferente o tome represalias contra usted porque habló con un representante del DOL (Departamento de Trabajo por sus siglas en inglés), participó en una investigación del DOL o habló sobre sus derechos laborales.

**Si desea hablar con el DOL, puede comunicarse con ellos al: 1-866-4-USWAGE**

员工须知

Egreen 希望向您保證遵守《公平勞動標準法》（ "FLSA" ）並通知您：

- 《公平劳动标准法》旨在确保员工在公平的工作中获得公平的报酬 - 无论移民身份如何 - 并确保守法的雇主拥有公平的竞争环境；
- 除了州法律外，您还根据联邦法律拥有多项权利。联邦权利包括：
  - 您为雇主工作的所有时间都必须获得报酬。
  - 您有权获得加班费，即每周工作超过 40 小时的所有小时数的正常工资率的 1.5 倍 - 这包括计件工资员工；
  - 如果您的任何工资延迟发放，即未在正常发薪日支付，您有权获得赔偿。
- 您的雇主因为您与劳工部代表交谈、参与劳工部调查或谈论您的工作场所权利而区别对待您或对您进行报复是违法的。

**如果您希望与劳工部交谈，您可以通过以下方式联系他们: 1-866-4-USWAGE**

**NOTICE TO EMPLOYEES**

Egreen wishes to assure you of compliance with the Fair Labor Standards Act ("FLSA") and notify you:

- The FLSA was designed to ensure that employees have rights *regardless of immigration status*;
- You have numerous rights under the FLSA in addition to state law. Federal rights include:
  - You must be paid for all hours spent working for your employer;
  - You are entitled to an overtime premium, or, one and a half times your regular pay rate, for all hours you work over 40 hours in a workweek – this includes piece rate employees;
- If any of your pay is late, i.e., not paid on your regular pay day, you are entitled to damages.It is illegal for your employer to treat you differently or retaliate against you because you talked to a DOL representative, participated in a DOL investigation, or spoke up about your workplace rights.

**If you wish to speak to the federal Department of Labor, you may contact them at: 1-866-4-USWAGE**